Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000041
10-DEC-2019
07:51 AM

NO. CAAP-19-0000041

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A
CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE
FOR CARLSBAD FUNDING MORTGAGE TRUST, Plaintiff-Appellee, v.
AH-MEI CHUN, Defendant-Appellant, and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; AND
DOE GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1819)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Ah-Mei Chun (**Chun**) appeals from the
January 2, 2019 Order Denying [Chun's] HRCP Rule 60(b) Non-
Hearing Motion for Relief from Foreclosure Judgments (**Order
Denying Relief**), which was entered in the Circuit Court of the
First Circuit (**Circuit Court**).[1]

Chun raises a single point of error on appeal,
contending that the Circuit Court erred when it denied Chun's
March 28, 2018 Hawai'i Rules of Civil Procedure (**HRCP**) Rule

---

[1] The Honorable Jeannette H. Castagnetti presided.

60(b)(4) motion, which asserted that Plaintiff-Appellee Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not individually but as Trustee for Carlsbad Funding Mortgage Trust (**Wilmington Savings**), failed to establish its standing to foreclose under <u>Bank of America, N.A. v. Reyes-Toledo</u>, 139 Hawai'i 361, 390 P.3d 1248 (2017), and which sought to set aside the Circuit Court's Findings of Fact, Conclusions of Law; Order Granting Plaintiff's Motion for Default Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed June 27, 2012 (**Foreclosure Decree**), and Judgment, both filed May 5, 2017.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Chun's point of error as follows:

The Circuit Court entered the Foreclosure Decree and Judgment on May 5, 2017. No timely appeal was filed from the Foreclosure Decree and Judgment. Chun's failure to appeal from the Foreclosure Decree and Judgment bars Chun from now challenging Wilmington Savings' standing under the doctrine of *res judicata*. <u>See</u> <u>Mortg. Elec. Registration Sys., Inc. v. Wise</u>, 130 Hawai'i 11, 17, 304 P.3d 1192, 1198 (2013).

Lack of standing does not render a court's ruling void under HRCP Rule 60(b)(4). "In the sound interest of finality, the concept of a void judgment must be narrowly restricted." <u>Cvitanovich-Dubie v. Dubie</u>, 125 Hawai'i 128, 141, 254 P.3d 439, 452 (2011) (citations omitted). It is well-recognized that "a judgment is void only if the court that rendered it lacked

jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Id. at 139, 254 P.3d at 450 (citation omitted). As the Hawaiʻi Supreme Court recently reaffirmed, "[i]n Hawaiʻi state courts, standing is a prudential consideration . . . and is not an issue of subject matter jurisdiction." Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 188, 439 P.3d 127, 140 (2019).

Here, there is no challenge based on personal jurisdiction, and an argument that a party lacks standing is not equivalent to challenging a court's subject matter jurisdiction. Rather, this foreclosure action is "'in the class of suits' that the [circuit] court 'has the general power to adjudicate.'" Cvitanovich-Dubie, 125 Hawaiʻi at 142, 254 P.3d at 453 (citation omitted). In sum, we conclude that the Circuit Court did not err in entering the Order Denying Relief.

Therefore, the Circuit Court's January 2, 2019 Order Denying Relief is affirmed.

DATED: Honolulu, Hawaiʻi, December 10, 2019.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendant-Appellant.

David P. Rosen,
David E. McAllister,
Justin S. Moyer,
Anna Valiente Gomez,
(Aldridge Pite, LLP),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge